IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Robert C. Dalton, | ) | Case No.: 8: 21-cv-00986-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| James P. Clements, Tanju Karanfil, Clemson | ) | |
| University, South Carolina Department of | ) | |
| Agriculture, The State of South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Jacqueline D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  Robert C. Dalton ("Plaintiff" or "Dalton"), proceeding *pro se* and *in forma pauperis*, filed this action on April 2, 2021 (DE 1), and thereafter an Amended Complaint on July 22, 2021 (DE 14), alleging causes of action against Defendants pursuant to 42 U.S.C. § 1983, Titles I and II of the Americans with Disabilities Act ("ADA"), § 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), and 42 U.S.C. § 1985.  On August 5, 2021, Defendants Clemson University ("Clemson"), James P. Clements, and Tanju Karanfil (collectively "Clemson Defendants") filed a Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

12(b)(1), 12(b)(6), and 12(f); the South Carolina Tort Claims Act; and the Eleventh Amendment to the United States Constitution. (DE 18.)

The Magistrate issued an Order on August 6, 2021, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (DE 20.) Additionally, on August 6, 2021, Defendants The State of South Carolina ("the State") and South Carolina Department of Agriculture ("SCDA") filed Motions to Dismiss, pursuant to Rules 10(b), 12(b)(1) and 12(b)(6), 12(f) and 10(b), Fed. R. Civ. P. (DE 22 and 23.) The Magistrate issued a second <u>Roseboro</u> order on August 9, 2021. (DE 26.) On September 13, 2021, Plaintiff filed a Motion for More Definite Statement (DE 33) and the Magistrate issued a Text Order denying Plaintiff's motion for more definite statements.[2]

The Clerk filed a response from Plaintiff opposing the Motions to Dismiss as well as a supplement, second supplement, and third supplement to the response. (DE 36, 39, 42, and 43.) Finally, Defendants the State and SCDA filed a Reply on September 20, 2021. (DE 38.) The Magistrate issued a Report on November 2, 2021, recommending Defendants' Motions to Dismiss be granted because 1) Defendants are entitled as a matter of law to immunity under the Eleventh

---

[2]     The Magistrate indicated in the Text Order the following:

> As an initial matter, a motion for a more definite statement pursuant to Rule 12(e) applies to pleadings and not to motions. Additionally, a motion is a request for the Court to issue a ruling, and Plaintiff may make any necessary arguments in a response in opposition to a motion. Accordingly, as requested by Plaintiff [Doc. 33 at 20], the Court will consider his motion for more definite statements to be his response in opposition to the pending motions to dismiss and the Court directs the Clerk to file it as a response in opposition along with the exhibits as attachments. The Court denies any additional relief requested by Plaintiff. However, out of an abundance of caution for the pro se Plaintiff, the Court will grant him until October 14, 2021 to supplement his response to the motions to dismiss.

(DE 34.)

Amendment as to Plaintiff's Sections 1983 and 1985 as well as Plaintiff's ADA claims, and 2) Plaintiff failed to state a claim for a Rehabilitation Act violation.  (DE 45.)

Although Petitioner has filed an objection to the Report (DE 50), to be actionable, objections to the Report and Recommendation must be specific.[3]  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object."  Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).  "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review."  Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff's objections center on three main issues which are 1) his difficulty communicating because of his disability, 2) the Report's failure to address the types of relief available to him under applicable law, and 3) that Defendants' Eleventh Immunity was waived because they accepted government assistance and participated in the Federal Hemp Program.  (DE 50, pp. 1-7, 8-12, and 14-17.)  As to objections 1 and 2, the Court finds that these objections are not specific because

---

[3]     Plaintiff's objection was not timely filed.  Nevertheless, the Court has reviewed the objection to determine if Plaintiff has raised a specific objection to the Report for the Court to review.

they are not directed at the issues addressed or recommendations in the Report. As to the third objection, the Court finds that the Magistrate comprehensively and in detail addressed the issues surrounding this objection in the Report and Plaintiff has not raised any new issues for the Court to consider. Therefore, the Court overrules this objection.

Accordingly, upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Defendants' Motions to Dismiss (DE 18, 22, and 23) are granted.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
December 2, 2021

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4